UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Christopher P. Ore,
Plaintiff,

v.

San Francisco Sheriff's Office;
Sheriff Paul Miyamoto, in his official capacity;
Deputy Sheriff Humphrey, in her individual capacity;
Deputy Sheriff Lopez, in his individual capacity;
Deputy Sheriff Adams, in his individual capacity;
Deputy Sheriff Lam (a/k/a Lum), in his individual capacity;
Deputy Sheriff John Doe #1 (Citing and Arresting Deputy, Badge No. 2078), in his individual capacity;
Deputy Sheriff John Doe #2 (Arresting Deputy, Badge No. 2427), in his individual capacity;
Joshua Doe, RN (or medical staff), in his individual capacity;
Sergeant Does 1–5, in their individual capacities;
Deputy Sheriffs Does 6–25, in their individual capacities,

Defendants.

Case No. _____

COMPLAINT FOR DAMAGES ($250,000,000.00) AND INJUNCTIVE RELIEF
(42 U.S.C. § 1983)

JURY TRIAL DEMANDED

1

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, the Fourth Amendment, and the Fourteenth Amendment to the United States Constitution.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to these claims occurred within the Northern District of California.

## II. PARTIES

4. Plaintiff Christopher P. Ore is a resident of San Francisco, California.

5. Defendant San Francisco Sheriff's Office ("SFSO") is a public entity responsible for law enforcement, detention, booking, processing, and custodial care within the City and County of San Francisco.

6. Defendant Sheriff Paul Miyamoto is the elected Sheriff of the City and County of San Francisco and is sued in his official capacity for purposes of declaratory and injunctive relief and municipal liability.

7. Defendant Deputy Sheriff Humphrey is a sworn deputy employed by SFSO and is sued in her individual capacity.

8. Defendant Deputy Sheriff Lopez is a sworn deputy employed by SFSO and is sued in his individual capacity.

2

9. Defendant Deputy Sheriff Adams is a sworn deputy employed by SFSO who was aware of Plaintiff's repeated requests for prescribed medication during custody and failed to intervene. Deputy Adams is sued in his individual capacity.

10. Defendant Deputy Sheriff Lam (also known as "Lum") is a sworn deputy or booking officer employed by SFSO who performed extensive, time-intensive processing and fingerprinting of Plaintiff and is sued in his individual capacity. Plaintiff will amend to correct spelling upon confirmation through discovery.

11. Defendant Deputy Sheriff John Doe #1 is the citing and arresting deputy identified on the citation issued to Plaintiff by Badge No. 2078 and is sued in his individual capacity.

12. Defendant Deputy Sheriff John Doe #2 is an arresting deputy identified on the citation issued to Plaintiff by Badge No. 2427 and is sued in his individual capacity.

13. Defendant Joshua Doe, RN (or medical staff), is a medical professional employed by or acting under contract with SFSO or Jail Health Services who took Plaintiff's vital signs during custody and is sued in his individual capacity.

14. Defendants Sergeant Does 1–5 and Deputy Sheriffs Does 6–25 are supervisory and line deputies employed by SFSO whose identities are presently unknown and who are sued in their individual capacities.

## III. FACTUAL ALLEGATIONS

15. On December 18, 2025, at approximately 2:55 PM, Plaintiff was stopped, detained, cited, and arrested by deputies of the San Francisco Sheriff's Office in San Francisco, California.

3

16. Plaintiff was cited and arrested by Defendant Deputy Sheriff John Doe #1, Badge No. 2078, with Defendant Deputy Sheriff John Doe #2, Badge No. 2427, participating in the arrest.

17. A true and correct copy of the citation identifying the arresting deputies by badge number is attached hereto as Exhibit A – Citation Issued to Plaintiff Identifying Arresting Deputies.

18. Plaintiff was transported to an SFSO detention facility and placed into custody.

19. At the time of arrest and during transport, Plaintiff was not informed of the factual basis or lawful justification for his arrest.

20. Plaintiff was later booked on an allegation of California Penal Code § 148(a)(1).

21. Plaintiff denies engaging in any conduct constituting resistance, obstruction, or delay of a peace officer and alleges that Defendants lacked probable cause, or at minimum arguable probable cause, to arrest him.

22. In the alternative and subject to amendment after discovery, Plaintiff alleges that the arrest was based on speech, questioning, or assertion of rights rather than objectively obstructive conduct.

23. Plaintiff's booking, custodial status, detention duration, and the single charged offense are further reflected in contemporaneously generated San Francisco Sheriff's Office booking records created in the ordinary course of Defendants' operations.

24. During booking and processing, a Defendant deputy forcibly hyperextended Plaintiff's left wrist.

25. Plaintiff was not resisting, threatening, or attempting to flee at the time force was applied.

4

26. The force used was unnecessary, gratuitous, and objectively unreasonable under the circumstances.

27. Plaintiff immediately experienced pain and injury to his left wrist.

28. Supervisory Defendants observed, were aware of, or ratified the conduct and failed to intervene.

29. Immediately upon arrest and throughout booking and custody, Defendants stripped Plaintiff of all footwear, including shoes, socks, sandals, or flip-flops.

30. Plaintiff was required to remain completely barefoot for approximately eleven (11) consecutive hours while in SFSO custody.

31. Plaintiff observed that all other detainees were permitted to retain footwear.

32. Defendants provided no safety-based, medical, or security justification for forcing Plaintiff to remain barefoot.

33. The forced barefoot detention was intentional, unnecessary, punitive, humiliating, and selectively imposed on Plaintiff.

34. At the time of arrest, Plaintiff possessed approximately three hundred seventy-five dollars ($375) in cash on his person.

35. Defendants confiscated Plaintiff's cash during arrest or booking.

36. Upon Plaintiff's release, the cash was not returned.

37. Defendants provided no receipt, inventory record, explanation, or post-deprivation recovery mechanism for the missing funds.

38. Following arrest, Plaintiff repeatedly requested telephone access, including confidential access to counsel.

39. Despite repeated requests, Plaintiff was denied all telephone access for approximately thirteen (13) hours, far exceeding the three-hour requirement set forth in California Penal Code § 851.5.

40. Plaintiff has serious medical needs requiring prescribed medications, including Lithium, Lamictal, and Seroquel for Bipolar Disorder and Lipitor for a heart-related condition.

41. Upon intake, Plaintiff informed SFSO personnel of all prescribed medications by name.

42. Plaintiff observed Defendants enter these medications into the detention computer system.

43. Over the course of custody, Plaintiff requested his prescribed medications at least seven (7) times.

44. Defendant Deputy Sheriff Lam/Lum personally refused Plaintiff's requests for medication.

45. Defendant Joshua Doe, RN, took Plaintiff's vital signs and refused to provide or facilitate access to prescribed medication.

46. Defendant Deputy Sheriff Lopez denied or ratified the denial of medication.

47. Defendant Deputy Sheriff Humphrey was aware of Plaintiff's repeated medication requests and failed to intervene.

48. Defendant Deputy Sheriff Adams was aware of Plaintiff's repeated requests for prescribed medication, had the ability to take corrective action or notify medical staff or supervisors, and deliberately failed to intervene or assist Plaintiff in obtaining medically necessary care.

6

49. Plaintiff remained in custody until approximately 3:25 AM on December 19, 2025, without receiving any prescribed medication, causing physical distress, emotional distress, and a substantial risk of serious harm.

## IV. FIRST CAUSE OF ACTION

False Arrest / Unlawful Seizure – Fourth Amendment (42 U.S.C. § 1983)

50. Plaintiff realleges paragraphs 1 through 49.

51. Defendants arrested Plaintiff without probable cause or arguable probable cause.

52. Defendants violated Plaintiff's rights under the Fourth Amendment.

## V. SECOND CAUSE OF ACTION

Excessive Force – Fourth and Fourteenth Amendments (42 U.S.C. § 1983)

53. Plaintiff realleges paragraphs 1 through 52.

54. Defendants used objectively unreasonable force during booking.

55. Plaintiff suffered injury as a result.

## VI. THIRD CAUSE OF ACTION

Unconstitutional Conditions of Confinement and Equal Protection – Fourteenth Amendment (42 U.S.C. § 1983)

56. Plaintiff realleges paragraphs 1 through 55.

57. Plaintiff was subjected to punitive, degrading, and disparate custodial conditions without legitimate governmental justification.

7

## VII. FOURTH CAUSE OF ACTION

Deprivation of Property Without Due Process – Fourteenth Amendment (42 U.S.C. § 1983)

58. Plaintiff realleges paragraphs 1 through 57.

59. Defendants intentionally deprived Plaintiff of property without due process.

## VIII. FIFTH CAUSE OF ACTION

Deliberate Indifference to Serious Medical Needs – Fourteenth Amendment (42 U.S.C. § 1983)

60. Plaintiff realleges paragraphs 1 through 59.

61. Defendants knowingly disregarded Plaintiff's serious medical needs.

## IX. SIXTH CAUSE OF ACTION

Failure to Intervene (42 U.S.C. § 1983)

62. Plaintiff realleges paragraphs 1 through 61.

63. Each Defendant had a realistic opportunity to prevent the constitutional violations and failed to do so.

## X. SEVENTH CAUSE OF ACTION

Municipal Liability – Monell (42 U.S.C. § 1983)

64. Plaintiff realleges paragraphs 1 through 63.

65. The violations were caused by policies, customs, or practices of SFSO, including failures regarding arrest practices, force, medical care, property handling, detainee access to telephones, and custodial conditions.

## XI. PRAYER FOR RELIEF

66. Plaintiff respectfully requests that the Court declare that Defendants violated Plaintiff's constitutional rights.

67. Plaintiff seeks compensatory damages in the amount of $250,000,000.

68. Plaintiff seeks punitive damages against individual Defendants.

69. Plaintiff seeks appropriate injunctive and declaratory relief.

70. Plaintiff seeks costs and attorneys' fees pursuant to 42 U.S.C. § 1988.

71. Plaintiff seeks such other and further relief as the Court deems just and proper.

## XII. JURY DEMAND

72. Plaintiff demands a trial by jury on all issues so triable.

Christopher P. Ore
Plaintiff, *Pro Se*

9

Exhibit A

Citation Issued to Plaintiff Identifying Arresting Deputies

Case 3:25-cv-10991-EMC   Document 1   Filed 12/26/25   Page 11 of 11

**SAN FRANCISCO SHERIFF'S DEPARTMENT**
**CITY AND COUNTY OF SAN FRANCISCO**

# SD1306194

NOTICE TO:

☑ APPEAR IN COURT AT __9__ ☑ AM / ☐ PM ON:

OR

☐ RESPOND TO CITATION BEFORE:

DATE: _1_ / _20_ / _26_

See back for detailed instructions

☐ To be notified

➤ **ACT BY THIS DATE TO AVOID A WARRANT OR ADDED FEES**

☐ Traffic/Nontraffic, Infraction Division
850 Bryant St., Room 145, San Francisco, CA 94103
☎ 415.551.8550 — http://sf.courts.ca.gov

☑ SF Superior Court, Criminal Division
850 Bryant St., Room 101, San Francisco, CA 94103
☎ 415.551.0651 — http://sf.courts.ca.gov

☐ Juvenile Justice Center (JJC)
375 Woodside Ave., San Francisco, CA 94127
☎ 415.682.5100 — http://sf.courts.ca.gov

☐ Community Justice Center (CJC)
675 Polk St., San Francisco, CA 94102
☎ 415.551.0651 — http://sf.courts.ca.gov

| Date of Violation (mm/dd/yy) | Time ☐ AM ☐ PM | Driver's License Number (all states) | Class | State |
|---|---|---|---|---|
| 12/18/25 | 1955 | | | |

**Name** (first, middle, last)
CHRISTOPHER ORE

**Current Address** (no., street, city, state, zip)
TRANSIENT

| Date of Birth (mm/dd/yy) | Parent/Guardian Phone No. ☐ Juvenile | Commercial ☐ Y ☐ N | Insurance ☐ Y ☐ N |
|---|---|---|---|
| 07/03/72 | | | |

| Race / Ethnicity | Sex | Hair | Eyes | Height | Weight |
|---|---|---|---|---|---|
| WHITE | M | | | | |

| Vehicle License/VIN | State | Reg (mm/yy) | Year of Veh. | Make |
|---|---|---|---|---|
| | | | | |

| Registered Owner/Lessee ☐ Same as driver ☐ Owner's responsibility (VC, § 40001) | Model | Body Style |
|---|---|---|

| Address (no., street, city, state, zip) ☐ Same as driver | Color |
|---|---|
| J#250951104 | |

| Release for Sign: DOC# 250 27709 | CHP / DOT / PUC / ICC |
|---|---|

**CITATION DETAILS**   ☐ ID Processing Required (see reverse)

M = Misdemeanor
I = Infraction (circle)

| Contestable (First) | Code/Section | Description | | |
|---|---|---|---|---|
| ☐ Y ☐ N | 148(a)(1) PC | | (M) I |
| ☐ Y ☐ N | | | M · I |
| ☐ Y ☐ N | | | M · I |
| ☐ Y ☐ N | | | M · I |

| Approx. Speed | PF/Max Speed | Veh. Limit | Safe Speed | Radar/Lidar | ☐ Commercial Veh. VC, § 15210(b) |
|---|---|---|---|---|---|

**Location of Violation**
JONES ST. / TURK ST.

☐ Hazardous Mat. VC, § 353

**City/County of Occurrence**

Agency Case No.
250786327

**Comments** (weather, road, traffic conditions)   ☐ Crash

☑ Violations not committed in my presence, declared on information and belief (VC, § 40600)
I declare under penalty of perjury under the laws of the State of CA that the foregoing is true and correct.

| DECL. DATE | ARRESTING OR CITING DEPUTY | | BADGE NO. |
|---|---|---|---|
| 12/18/25 | G. GUZMAN | SFSO | 707 |
| 12/19/25 | GUZMAN | SFSO | 2427 |

I promise to act by the date at the top of this citation. Signing DOES NOT admit guilt.

CELLPHONE - OPTIONAL (may be used for reminders)     EMAIL - OPTIONAL (may be used for reminders)

SIGNATURE

**COURT COPY**

Continuation form ☐

Form Adopted for Mandatory Use
Judicial Council of California
TR-130, Traffic/Nontraffic Notice to Appear
[Rev. Jan. 1, 2024]
SEE REVERSE

Vehicle Code, §§40500(b), 40512(a), 40522, 40600; Pen. Code, §853.9

SD1306194