DAVID CHIU, State Bar #189542
City Attorney
JENNIFER CHOI, State Bar #184058
Chief Trial Deputy
ALISTAIR D. BLACKLOCK, State Bar #339105
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3888
Facsimile:     (415) 554-3837
E-Mail:          Alistair.Blacklock@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SHERIFF PAUL MIYAMOTO, DEPUTY
SHERIFF VICTORIA HUMPHREY, DEPUTY
SHERIFF NATHANIEL LOPEZ, CADET
STANLEY LUM, DEPUTY SHERIFF JAIME
GUZMAN, DEPUTY SHERIFF KENNETH
GOODEN, AND JOSHUA MOLDENHAUER, R.N.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER P. ORE,<br><br>     Plaintiff,<br><br>     vs.<br><br>SAN FRANCISCO SHERIFFS OFFICE;<br>SHERIFF PAUL MIYAMOTO, In His<br>Official Capacity; DEPUTY SHERIFF<br>HUMPHREY, In Her Individual Capacity;<br>DEPUTY SHERIFF LOPEZ, In His Individual<br>Capacity; DEPUTY SHERIFF ADAMS, In<br>His Individual Capacity; DEPUTY SHERIFF<br>LAM (A/K/A LUM), In His Individual<br>Capacity; DEPUTY SHERIFF JOHN DOE #1<br>(CITING AND ARRESTING DEPUTY,<br>BADGE NO. 2078), In His Individual<br>Capacity; DEPUTY SHERIFF JOHN DOE #2<br>(ARRESTING DEPUTY, BADGE NO. 2427),<br>In His Individual Capacity; JOSHUA DOE,<br>RN (OR MEDICAL STAFF), In His<br>Individual Capacity; SERGEANT DOES 1-5,<br>In Their Individual Capacities; DEPUTY<br>SHERIFFS DOES 6-25, In Their Individual<br>Capacities,<br><br>     Defendants. | Case No. 25-cv-10991-EMC<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Hearing Date:  March 31, 2026<br>Time:               1:30 p.m.<br>Place:             Zoom<br><br>Trial Date:       Not Set. |

Joint CMC Statement
Case No.: 25-cv-10991-EMC

1

4924-7024-6806, v. 1

Plaintiff Christopher P. Ore ("Plaintiff") and Defendants City and County of San Francisco (the "City"),[1] Sheriff Paul Miyamoto, Deputy Sheriff Victoria Humphrey, Deputy Sheriff Nathaniel Lopez, Cadet Stanley Lum, Deputy Sheriff Jaime Guzman, Deputy Sheriff Kenneth Gooden, and Joshua Moldenhauer, RN (collectively, "Defendants") jointly submit this JOINT INITIAL CASE MANAGEMENT STATEMENT pursuant to Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California on Contents of Joint Case Management Statement, and other Standing Orders of this Court.

**1.    Jurisdiction & Service**

   **a.    Plaintiff's Statement:**

Plaintiff asserts federal question jurisdiction under 28 U.S.C. § 1331 based on claims arising under federal law, including civil rights violations. Plaintiff has filed the Complaint and understands that counsel has appeared on behalf of most Defendants.

   **b.    Defendants' Statement:**

Defendants agree there are no issues with venue and this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Each of the City, Sheriff Miyamoto, and the individually-named Defendants[2] whom the City Attorney's Office in this lawsuit have waived service, and there are no issues with personal jurisdiction as to them.

In addition to these Defendants, the City Attorney's Office is working to identify the defendant named as "Deputy Sheriff Adams" in Plaintiff's Complaint.  See Dkt. 1 (Compl.) ¶ 9.  Provided this individual can be identified and will agree to a joint representation with the other named Defendants, City Attorney's Office will appear on this individual's behalf in this litigation.  The City almost always waives service to avoid service of process on law enforcement officials; however, counsel must

---

[1] The City and County of San Francisco ("City") considers the San Francisco San Francisco Sheriff's Office (the "Sheriff's Office") to be divisions of the City rather than separate legal entities capable of being sued.  Even if this Court considers SFPD and the Sheriff's Office to be independent legal entities capable of being sued, Plaintiff's claims against those departments are entirely duplicative of his claims against the City.  The City therefore responds on its own behalf and on behalf of SFPD and the Sheriff's Office.

[2] Upon receipt of Plaintiff's Complaint, the City Attorney's Office identified most Defendants named in their individual capacity whom the Complaint identified only by their last name (Defendants Humphrey, Lopez, and Lum), first name (Defendant Moldenhauer), or badge number (Defendants Gooden and Guzman) (collectively, the "Individual Defendants").

4924-7024-6806, v. 1

meet with the individual officer to ensure that no conflicts exist with the City and County of San Francisco or within the City Attorney's Office, and must have a formal record of the individual defendant formally consenting and entering into representation agreements before appearing. The City Attorney's Office anticipates being able to complete the foregoing steps by April 20, 2026. As of the date of this Motion, the City Attorney's Office does not represent Deputy Sheriff Adams, who has not waived service and is not yet appearing in this action.

**2.      Facts**

       **a.      Plaintiff's Statement:**

This case arises from Plaintiff's interactions with law enforcement and related entities, including alleged misconduct and violations of Plaintiff's constitutional and statutory rights. These include, inter alia, unlawful arrest, excessive force, deprivation of property, denial of access to necessary medical care and prescription medication, and other related conduct during Plaintiff's detention. Plaintiff contends that Defendants engaged in conduct that resulted in harm, including but not limited to deprivation of rights, physical injury, emotional distress, and other damages. Defendants dispute these allegations.

       **b.      Defendants' Statement:**

Plaintiff Christopher P. Ore asserts seven federal civil rights claims under the Fourth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983 arising out of his 2:55 pm arrest on December 18, 2025, and his roughly 12.5-hour period in custody until his release at approximately 3:25 am on December 19, 2025. Plaintiff alleges he was arrested without probable cause; his wrist was forcibly hyperextended during the booking process; he was deprived of $375 in cash; and he was denied access to his prescription medication, a telephone, and footwear for the duration of his detention. Defendants dispute these allegations, and they further dispute that Plaintiff suffered any damages.

Defendants expressly deny liability for any of the causes of action alleged in the Complaint. The Complaint fails to state any claim upon which relief can be granted. Defendants filed a Motion to Dismiss Plaintiff's Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) on March 20, 2026.

**3.    Legal Issues**

    **a.    Plaintiff's Statement**

Key legal issues include whether Defendants violated Plaintiff's constitutional and/or statutory rights, whether Defendants are entitled to any immunities or defenses, the extent of damages, if any, and whether injunctive or declaratory relief is appropriate.

    **b.    Defendants' Statement**

Resolution of this action will likely involve the following legal issues: (1) Whether Plaintiff has stated any claim upon which relief can be granted; (2) Whether there was an underlying violation of the Fourth or Fourteenth Amendment sufficient to support Plaintiff's Monell claims; (3) Whether Plaintiff's alleged harm was the result of an official policy, custom, or practice.

**4.    Motions**

    **a.    Plaintiff's Statement**

Defendants have filed a motion to dismiss under Rule 12(b)(6). Plaintiff intends to oppose the motion and, if necessary, will seek leave to amend to address any issues identified by the Court.

    **b.    Defendants' Statement**

Defendants filed a motion to dismiss Plaintiff's Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) on March 20, 2026.  Should litigation proceed beyond the motion to dismiss stage, Defendants intend to file a motion for summary judgment.

**5.    Amendment of Pleadings**

    **a.    Plaintiff's Statement**

Plaintiff may amend the Complaint as a matter of course or with leave of Court to clarify claims, add or refine factual allegations, and potentially add or dismiss parties based on information obtained through service or initial disclosures.

    **b.    Defendants' Statement**

For the reasons explained in Defendants' motion to dismiss Plaintiff's Complaint, Defendants maintain that Plaintiff's Complaint does not allege facts sufficient to support any claim for relief. Nevertheless, to the extent Plaintiff is granted leave to amend his Complaint, he should be required to (1) allege with specificity the facts and circumstances giving rise to each of his claims; (2) identify the

particular defendants against whom each claim is asserted (or whose conduct underlies his claims against the City), including by identifying any defendant fictitiously named; and (3) identify the official policy, practice, or custom he asserts with respect to each claim he asserts against the City.

**6.      Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f).  The parties confirm they have taken steps to preserve relevant communications, documents, and electronic data.

**7.      Disclosures**

The parties have conferred as required under Federal Rule of Civil Procedure 26(f).  The parties intend to exchange initial disclosures on March 24, 2026, identifying individuals likely to have discoverable information to support their claims or defenses and identify categories of documents that they may use to support their claims or defenses, in accordance with Federal Rule of Civil Procedure 26(a)(1).

**8.      Discovery**

**a.      Plaintiff's Statement**

Plaintiff proposes that discovery proceed in phases to promote efficiency and focus on core issues. Phase 1 will focus on core documents, including incident reports, internal communications, and relevant policies and procedures. Phase 2 will include depositions of key witnesses. Discovery is expected to include written discovery, depositions, third-party subpoenas, and, where applicable, body-worn camera footage and medical-related records.

**b.      Defendants' Statement**

In connection with their Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), Defendants have requested a stay of discovery until either Defendants answer an amended complaint or the Court rules that some portion of an amended complaint survives a motion to dismiss.  If the lawsuit proceeds to the discovery stage, Defendants intend to work with Plaintiff to develop a discovery plan, address any limitations or modifications of the discovery rules, discuss

potential stipulated e-discovery and protective orders, and take any other steps necessary to advance discovery and streamline issues for trial.

**9.    Class Actions**

This is not a class action.

**10.    Related Cases**

Plaintiff has filed an Administrative Motion to Consider Whether Cases Should be Related in the following actions: (1) *Ore v. San Francisco Sheriff's Office, et al.*, Case No. 25-cv-10991-EMC; (2) *Ore v. San Francisco Police Department, et al.*, Case No. 25-cv-10993-SK; and (3) *Ore v. City and County of San Francisco, et al.*, Case No. 25-cv-11017-AGT.  Defendants have filed a response to this Administrative Motion.

**11.    Relief**

Plaintiff seeks compensatory damages, including for physical injury, emotional distress, and deprivation of constitutional rights, as well as punitive damages, injunctive and declaratory relief, costs, and any other relief the Court deems proper. Defendants deny that Plaintiff is entitled to any recovery and will seek a finding of no liability with an award of costs.

**12.    Settlement and ADR**

    **a.    Plaintiff's Statement**

Plaintiff is open to early settlement discussions and participation in ADR. Defendants do not believe that a settlement conference would be productive at this early stage, but the parties agree to re-evaluate ADR following further investigation and, if appropriate, initial discovery.

    **b.    Defendants' Statement**

No settlement conference has been scheduled.  Defendants do not believe that a settlement conference would be productive at this early stage, but will re-evaluate after further investigation and discovery if this action proceeds beyond Defendants' motion to dismiss.

**13.    Other References**

This matter is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict litigation.

Joint CMC Statement
Case No.: 25-cv-10991-EMC

6

4924-7024-6806, v. 1

**14.    Narrowing of Issues**

Defendants' motion to dismiss would dispose of this case if granted.  Defendants anticipate filing a motion for summary judgment at a later date if necessary.  Plaintiff intends to oppose Defendants' Motion to dismiss and any motion for summary judgment.

**15.    Expedited Trial Procedure**

This case is not well-suited to be handled under the Expedited Trial Procedures of General Order No. 64 based on the facts available at this time.

**16.    Scheduling**

      **a.    Plaintiff's Statement**

Plaintiff proposes the following schedule: fact discovery cutoff 6 to 9 months from the Case Management Conference, expert discovery cutoff 3 months thereafter, and dispositive motions to be filed following the close of discovery.

      **b.    Defendants' Statement**

Defendants respectfully propose waiting to set a trial date and case schedule until after resolution of Defendants' motion to dismiss Plaintiff's Complaint in its entirety.  If the Court prefers to set a schedule prior to the resolution of Defendants' motion, Defendant is willing to work with Plaintiff to jointly propose dates consistent with the Court's guidelines re calculation of trial time.

**17.    Trial**

      **a.    Plaintiff's Statement**

Estimated trial length is 3 to 5 days.

      **b.    Defendants' Statement**

If the Court determines that Defendants must answer the Complaint or any amended Complaint, Defendants will demand a jury trial.  Defendants respectfully submit that it is too early to determine the likely length of a jury trial.

**18.    Disclosure of Non-party Interested Entities or Persons**

No persons, firms, partnerships, corporations (including parent corporations) or other entities are known by the parties to have either: (i) a financial interest in the subject matter in controversy or in

4924-7024-6806, v. 1

a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**19.    Professional Conduct**

Counsel for Defendants have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Such Other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter.**

None at this time.


Dated:  March 24, 2026                    */s/ Christopher P. Ore*
                                          CHRISTOPHER P. ORE
                                          Plaintiff in Pro Per

                                          ***Pursuant to Civil L.R. 5-1(i)(3), the electronic filer has obtained approval from this signatory*


Dated:  March 24, 2026                    */s/ Alistair D. Blacklock*
                                          DAVID CHIU
                                          City Attorney
                                          JENNIFER CHOI
                                          Chief Trial Deputy
                                          ALISTAIR D. BLACKLOCK
                                          Deputy City Attorney
                                          Counsel for Defendant
                                          CITY AND COUNTY OF SAN FRANCISCO

**PROOF OF SERVICE**

I, KASSY ADAMS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On March 24, 2026, I served the following document(s):

**JOINT INITIAL CASE MANAGEMENT STATEMENT**

on the following persons at the locations specified:

Christopher P. Ore
50 Jones Street #1124
San Francisco, CA  94102

cpore1@gmail.com

Plaintiff in Pro Per

in the manner indicated below:

☒     **BY ELECTRONIC MAIL:**  I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address:  kassy.adams@sfcityatty.org.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed March 24, 2026, at San Francisco, California.

*/s/ Kassy Adams*
KASSY ADAMS